# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

**MARTCO LIMITED PARTNERSHIP**

**CIVIL ACTION NO. 04-0673**

**-vs-**

**JUDGE LITTLE**

**WELLONS, INC., D/B/A WELLONS USA, ET AL.**

## MEMORANDUM RULING

Before the court are two motions filed by defendant Wellons, Inc., d/b/a Wellons, USA ("Wellons"), seeking partial summary judgment on plaintiff's claim for special, indirect or consequential damages [Doc. #30], and on unpaid invoices [#31]. Plaintiff Martco Limited Partnership ("Martco") opposed the motions on 2 September 2005 [##42, 43] and also filed supplemental opposing memoranda on 26 September 2005 and 28 September 2005 [##51, 52] in response to Wellons' reply briefs filed on 20 September 2005 [##47, 48]. For the following reasons, the defendant's motions are DENIED.

## BACKGROUND

In August 2002, Wellons contracted with Martco for design modifications and improvements to refurbish and overhaul furnaces at Martco's Lemoyen, Louisiana, plyboard plant. Specifically, Martco sought to increase the thermal oil capacity (BTU output) of its existing Wellons system. Wellons was to provide engineering, equipment, materials and labor in order to meet this objective. In particular, the equipment modifications and services

Wellons was to provide included (1) the addition of two radiant thermal oil sections in the furnace; (2) a new tube-on-tube convective thermal oil heater; (3) interconnecting piping between the new tube-on-tube thermal oil heater and the added radiant sections; (4) oil heater exhaust gas ducting modifications to reconnect ducts to the dryers and new convective heaters; (5) recycle gas duct system from convective oil heater; (6) upgrade and modify the thermal oil system to accommodate the increased oil heating capacity of the system; (7) control system additions and modifications required for proper installation of the modified system; (8) start-up support; (9) operator training services; and (10) installation services. Def.'s Ex. 1, p. WI00230. The total price for the project was $2,086,390.00, consisting of $1,344,310.80 for equipment and $742,079.20 for installation. Def.'s Ex. 1, p. WI00213; Def.'s Ex. 4, p. WI00272.

According to Martco, upon completion of the project, it began to experience problems when the plant resumed operations.[1] These problems included (1) an inability to maintain control over the Wellons unit and reduce sparks to the dryer; (2) an inability to run the unit automatically; (3) an excessive amount of ash carryover which resulted in the destruction of the thermocouples and thermal temperature sensor units as well as plugging of all air control dampers in that stream; and (4) the breaking off of seal plates on rotary grates. Pl.'s Opp. 1-2. On 15 March 2004, Martco filed the instant lawsuit [#1]. Martco amended its complaint on 17 May 2005 to add the Admiral Insurance Company as a

---

[1] In its motion and supporting memorandum, Wellons does not discuss the nature or extent of any problems encountered at the Lemoyen facility following the completion of its work there.

2

defendant [#26].

Pursuant to the contracts governing this project, Wellons and Martco agreed, *inter alia*, that Wellons "shall not in any event be liable for special, indirect or consequential damages," and that any damages for which Wellons might be liable would be limited to 25% of the equipment's purchase price. Def.'s Ex. 1, p. W00246.

## DISCUSSION

### A.     Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after

adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted). Moreover, we are bound to apply the substantive law of Louisiana to this case. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Am. Nat'l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir. 2001).

4

**B.      Damages**

Wellons seeks to uphold the limit of liability set forth by contract as valid and enforceable under Louisiana law. Martco contends that the provision absolving Wellons of liability for special, indirect or consequential damages is invalid under article 2004 of the Louisiana Civil Code, which provides that "any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party."

Under Louisiana law, contracts limiting liability are generally valid and enforceable. Houston Exploration Co. v. Halliburton Energy Servs., Inc., 269 F.3d 528, 531 (5th Cir. 2001). As previously stated, however, a waiver of liability for intentional misconduct or gross negligence is void. LA. CIV. CODE ANN. art. 2004; Sevarg Co. v. Energy Drilling Co., 591 So.2d 1278, 1281 (La. Ct. App. 1991). Gross negligence is willful, wanton and reckless conduct that falls below intent to do wrong, but is "substantially and appreciably higher in magnitude than ordinary negligence." See Orthopedic & Sports Injury Clinic v. Wang Labs., Inc., 922 F.2d 220, 224 n.3 (5th Cir. 1991). It has been defined as the "entire absence of care," and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Hendry Corp. v. Aircraft Rescue Vessels, C-77436 and C-77439, 113 F. Supp. 198, 201 (E.D. La. 1953); Crowder v. American Eagle Airlines, Inc., 118 F. App'x 833, 841 (5th Cir. 2004).

Mere inadvertence or honest mistake does not amount to gross negligence. See Wang Labs., 922 F.2d at 224 n.3. Gross negligence, therefore, has a well-defined legal meaning

5

distinctly separate, and different, from ordinary negligence. Ambrose v. New Orleans Police Dept. Ambulance Serv., 639 So.2d 216, 219-20 (La. 1994). Moreover, a finding that a party is negligent or grossly negligent is a finding of fact. Halliburton Energy Servs., 269 F.3d at 531. Indeed, one Louisiana court has found that a finding of gross negligence requires "a factual inquiry which is improper on summary judgment." Mt. Hawley Ins. Co. v. ADT Sec. Sys., Inc., 831 So.2d 480, 483 (La. Ct. App. 2002).

Whether Wellons' conduct rises to the level of gross negligence so as to vitiate the provision of the contract limiting its liability remains a disputed genuine issue of material fact. The court must draw all reasonable inferences in favor of the non-moving party. Accordingly, absent clear and uncontroverted evidence, entry of partial summary judgment in favor of Wellons would be inappropriate.

**C.     Unpaid Invoices**

Wellons argues that Martco "unilaterally and improperly" withheld payment of final invoices totaling $629,059.91 because it was dissatisfied with the result of the project. Def.'s Mot. 2. Wellons asserts its right to payment under article 2550 of the Louisiana Civil Code as well as legal fees under section 9:2781 of the Louisiana Revised Statutes. According to Wellons, Martco's disputed claims against Wellons may not be offset against its liquidated debt to Wellons. Def.'s Mem. 4. In the alternative, Wellons seeks dismissal of Martco's redhibition claim, urging that Martco cannot be entitled to the return of a purchase price that it did not pay. Id. Martco contends that it was entitled to withhold payment under the contract, and rightfully did so as the unpaid invoices were issued after

6

Wellons breached its contractual obligations by designing and modifying a defective heating unit.

Viewing the facts and inferences in the light most favorable to Martco, the non-moving party, the court finds that there is a genuine issue of material fact as to whether Martco owes money to Wellons in connection with the project discussed herein, as well as to the amount of any such funds owed. Therefore, as Wellons has failed to carry its burden of proof, partial summary judgment is not appropriate at this stage of the proceedings.

## **CONCLUSION**

Based on the foregoing, both the defendant's motion for partial summary judgment on plaintiff's claim for special, indirect or consequential damages [#30] and the defendant's motion for partial summary judgment on unpaid invoices [#31] are DENIED. The court notes that its ruling is not determinative of these issues. Rather, the court holds only that genuine issues of material fact sufficiently exist that preclude the granting of partial summary judgment.

Alexandria, Louisiana

28 March 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE