

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| MARTCO LIMITED PARTNERSHIP | CIVIL ACTION NO. 04-673 |
|---|---|
| versus | JUDGE TRIMBLE |
| WELLONS, INC. D/B/A WELLONS USA | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

A jury trial was held in the above captioned matter commencing May 21, 2007. During the trial, defendant Wellons, Inc. d/b/a Wellons USA ("Wellons") moved for a directed verdict on several issues, including redhibition. The court denied the motion as to redhibition[1] and this issue became the subject of a motion for judgment notwithstanding the verdict by Wellons. We now address this issue and other issues raised in motions filed after the verdict and prior to the entry of judgment by the court.

It is noted that at the conclusion of Martco's evidence, defendant Wellons moved for a directed verdict pursuant to Rule 50(a), which, for reasons orally assigned was granted as to all claims of Martco against Wellons for fraud. Accordingly, all such claims will be dismissed with prejudice. As to the issues of detrimental reliance, breach of contract and ordinary negligence, and gross negligence, the motion for directed verdict was denied for reasons orally assigned. The court took the motion for directed verdict under advisement as to the issue of redhibition. All

---

[1]Trial transcript of 5/23/07 at p. 640.

1

issues, except for the fraud issue, were submitted to the jury upon special interrogatories and the verdict was returned as follows:

1. **Rescission of Contract**

   Do you find, from a preponderance of the evidence, that the contracts between Martco and Wellons should be rescinded on the grounds of error?

   _____ Yes   √ No

   If the answer to Question 1 is "Yes," proceed to Question 2.

   If the answer to Question 1 is "No," skip to Page 5, Question 7.

2. **Negligence**

   A. Do you find, from a preponderance of the evidence, that Wellons was negligent?

   _____ Yes   _____ No

   If the answer to Question 2(A) is "Yes," proceed to Question 2(B).

   If the answer to Question 2(A) is "No," skip to Question 3.

   B. Do you find, from a preponderance of the evidence, that Wellons' negligence was the legal cause of any damages sustained by Martco?

   _____ Yes   _____ No

   If the answer to Question 2(B) is "Yes," proceed to Question 2(C).

   If the answer to Question 2(B) is "No," skip to Question 3.

   C. What percentage of Martco's damages do you find to have been caused by the negligence of the following persons/entities (the combined percentages must total 100%)

   Martco      _____ %

   Wellons     _____ %

   Proceed to Question 3.

3. **Redhibition**

   A. Do you find, from a preponderance of the evidence, that the heating system designed, manufactured and installed by Wellons contained a "redhibitory defect," as that term has been defined for you?

   _____ Yes   _____ No

   If the answer to Question 3(A) is "Yes," proceed to Question 3(B).

   If the answer to Question 3(A) is "No," skip to Question 4.

   B. Do you find that Martco would not have purchased the heating system from Wellons, had Martco known of the existence of the redhibitory defect?

   _____ Yes   _____ No

   If the answer to Question 3(B) is "Yes," skip to Question 5.

   If the answer to Question 3(B) is "No," proceed to Question 3(C).

   C. Do you find that, if Martco had known of the redhibitory defect, it still would have purchased the heating system from Wellons, but at a lower price?

   _____ Yes   _____ No

   If the answer to Question 3(C) is "Yes," proceed to Question 3(D).

   If the answer to Question 3(C) is "No," skip to Question 4.

   D. If you answered "Yes" to Question 3(C), what price do you believe that Martco would have paid Wellons for the heating system, had it known of the existence of the redhibitory defect?

   $_____

   Proceed to Question 5.

4. **Detrimental Reliance**

   Do you find, from a preponderance of the evidence, that Martco reasonably relied, to its own detriment, on a promise by Wellons concerning the heating system at issue in this case?

3

_____ Yes  _____ No

Proceed to Question 5.

5. **Damages**

Without deducting any sums for the percentage of negligence, if any, which you may have assigned to Martco in Question 2(C), please state the sum of money which you believe would reasonably and fairly compensate Martco for the following:

| | |
|---|---|
| Lost Productivity, Earnings and Profits | $ _____ |
| Return of Purchase Price | $ _____ |
| Repair Costs Paid to Third Parties | $ _____ |

Proceed to Question 6.

6. **Counterclaim for Unpaid Invoices**

   A. Do you find, from a preponderance of the evidence, that Wellons supplied certain equipment and services to Martco for which it has not been paid?

   _____ Yes  _____ No

   If you answered "Yes" to Question 6(A), proceed to Question 6(B).

   If you answered "No" to Question 6(A), please have the foreperson date and sign this verdict form in space provided below and go no further.

   B. If you answered "Yes" to Question 6(A), what amount does Martco owe Wellons for unpaid invoices?

   $ _____

   Please have the jury foreperson date and sign this verdict form below and notify the Court Security Officer that you have reached a verdict.

   THIS VERDICT RENDERED at Alexandria, Louisiana this _____ day of May, 2007.

_____
JURY FOREPERSON

**STOP GO NO FURTHER.**

7. **Breach of Contract**

   Do you find, from a preponderance of the evidence, that Wellons failed to perform any of its obligations to Martco under the terms of the contracts between the parties?

   √ Yes       _____ No

   Proceed to Question 8.

8. **Negligence**

   A. Do you find, from a preponderance of the evidence, that Wellons was negligent?

   √ Yes       _____ No

   If the answer to Question 8(A) is "Yes," proceed to Question 8(B).

   If the answer to Question 8(A) is "No," skip to Question 10.

   B. Do you find, from a preponderance of the evidence, that Wellons' negligence was the legal cause of any damages sustained by Martco?

   √ Yes       _____ No

   If the answer to Question 8(B) is "Yes," proceed to Question 8(C).

   If the answer to Question 8(B) is "No," skip to Question 10.

   C. What percentage of Martco's damages do you find to have been caused by the negligence of the following persons/entities (the combined percentages must total 100%)

   Martco     __20__ %

   Wellons    __80__ %

   Proceed to Question 9.

9. **Gross Negligence**

    Do you find, from a preponderance of the evidence, that Wellons was grossly negligent?

        \_\_\_\_ Yes     √ \_\_\_ No

    Proceed to Question 10.

10. **Redhibition**

    A.   Do you find, from a preponderance of the evidence, that the heating system designed, manufactured and installed by Wellons contained a "redhibitory defect," as that term has been defined for you?

        √ \_\_\_ Yes     \_\_\_\_ No

    If the answer to Question 10(A) is "Yes," proceed to Question 10(B).

    If the answer to Question 10(A) is "No," skip to Question 11.

    B.   Do you find that Martco would not have purchased the heating system from Wellons, had Martco known of the existence of the redhibitory defect?

        √ \_\_\_ Yes     \_\_\_\_ No

    If the answer to Question 10(B) is "Yes," skip to Question 12.

    If the answer to Question 10(B) is "No," proceed to Question 10(C).

    C.   Do you find that, if Martco had known of the redhibitory defect, it still would have purchased the heating system from Wellons, but at a lower price?

        \_\_\_\_ Yes     \_\_\_\_ No

    If the answer to Question 10(C) is "Yes," proceed to Question 10(D).

    If the answer to Question 10(C) is "No," skip to Question 11.

    D.   If you answered "Yes" to Question 10(C), what price do you believe that Martco would have paid Wellons for the heating system, had it known of the existence of the redhibitory defect?

$ _____

If you entered an amount in Question 10(D), skip to Question 12.

11. **Detrimental Reliance**

Do you find, from a preponderance of the evidence, that Martco reasonably relied, to its own detriment, on a promise by Wellons concerning the heating system at issue in this case?

_____ Yes     _____ No

Proceed to Question 12.

12. **Damages**

Without deducting any sums for the percentage of negligence, if any, which you may have assigned to Martco in Question 8(C), please state the sum of money which you believe would reasonably and fairly compensate Martco for the following:

| | |
|---|---|
| Lost Productivity, Earnings and Profits | $ 4,395,858.00 |
| Return of Purchase Price | $ -0- |
| Repair Costs Paid to Third Parties | $ 296,600.00 |

Proceed to Question 13.

13. **Counterclaim for Unpaid Invoices**

   A. Do you find, from a preponderance of the evidence, that Wellons supplied certain equipment and services to Martco for which it has not been paid?

   √ Yes     _____ No

   If you answered "Yes," to Question 13(A), proceed to Question 13(B).

   If you answered "No," please have the foreperson date and sign this verdict form in space provided below.

   B. If you answered "Yes" to Question 13(A), what amount does Martco owe Wellons for unpaid invoices?

$ <u>649,059.91</u>

Please have the jury foreperson date and sign this verdict form below and notify the Court Security Officer that you have reached a verdict.

THIS VERDICT RENDERED at Alexandria, Louisiana this __31__ day of May, 2007.

                                                   /s/  Samuel Wactor
                                                       JURY FOREPERSON

**Reasoning and Analysis**

    *A.*     *Procedural Concerns*

Martco argues that Wellons' motion for judgment notwithstanding the verdict in this case is improper because it concerns issues not first raised in a motion pursuant to Fed. R. Civ. P. 50(a). Specifically, Martco alleges that Wellons' motion asks the court to apply contractual provisions which, by operation, would reduce the jury's award. Martco asserts that these issues were not raised in a Rule 50(a) motion and, accordingly, should not be considered herein. We disagree.

At the conclusion of Martco's evidence at trial, Wellons orally motioned for a directed verdict on the issues of fraud, gross negligence, redhibition, invalidity of the contract, detrimental reliance, breach of contract, and ordinary negligence.[2] The court issued an oral order which denied the motion as to the issues of detrimental reliance, breach of contract, invalidity of contract, gross negligence, redhibition and ordinary negligence and granted the motion as to

---

    [2]Trial transcript at p. 623 (oral motion for directed verdict made by defendant in open court on 5/23/07).

the issue of fraud.³ The aforementioned appropriate issues were submitted to the jury and a verdict was rendered on May 31, 2007. A telephone conference was held on June 8, 2007 which included counsel for both Martco and Wellons. During this conference, Wellons expressed its desire to renew its motion for directed verdict or judgment notwithstanding the verdict on the issue of redhibition. The court urged Wellons to quickly file a Rule 50(b) motion and such motion is now before us.

While Wellons' motion does advocate the contractual limitation of liability and interest on unpaid balances, we do not find that these issues are actually the issues being urged on the motion itself. Rather, we find that Wellons' motion, as expected, requests judgment notwithstanding the verdict on the issue of redhibition and, as a separate matter attendant to confection of the judgment, addresses contractual issues. We find that this is procedurally sound and, in fact, necessary to enable the court to issue a judgment in this case which places the parties in a posture to pursue appellate remedy, should they choose. Moreover, Wellons clearly raised the issue of redhibition in its Rule 50(a) motion of May 23, 2007 in open court. Thus, the motion before us is properly considered.

### B.   *Operation of the Contracts*

The jury in this case found that the contracts between Martco and Wellons should not be rescinded on the basis of error.⁴ Therefore, these contracts continue to operate as the law

---

³Id., at p. 637, 640 (oral order by the court that the issues of gross negligence and redhibition should brought before the jury, thus denying defendant's motion for directed verdict).

⁴See "Question 1" above.

between the parties.[5] As such, we find that plaintiff's recovery in this case is necessarily dictated by the limitation of liability clause contained in these contracts, which reads as follows:

"LIMITATION OF LIABILITY

1. SELLER AND PURCHASER EXPRESSLY AGREE THAT SELLER SHALL NOT IN ANY EVENT BE LIABLE FOR SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES.

THE LIABILITY OF WELLONS, INC. ON ANY CLAIM OF ANY KIND, INCLUDING NEGLIGENCE, SHALL IN NO CASE EXCEED TWENTY-FIVE PERCENT (25%) OF THE PRICE PAID BY THE PURCHASER FOR THE EQUIPMENT."

Pursuant to this provision, we find that any recovery by Martco against Wellons is limited to twenty-five percent (25%) of the equipment purchase price. The court finds that such purchase price was $1,911,141.26, as reflected by Wellons' chart of contracts and invoices[6], which was not disputed by Martco. Reducing this amount by the contractual cap, we find that Martco's damages must be limited to $477,785.32 by operation of the contract.

The jury also allocated twenty percent (20%) of the fault in this case to Martco and eighty percent (80%) to Wellons. Accordingly, we must reduce Martco's recovery by the amount of contributory negligence attributed to Martco by the jury. Thus, the full amount of the judgment rendered in favor or Martco and against Wellons is properly fixed at $382,228.25.

The jury awarded Wellons $649,059.91 on its claim for unpaid invoices in this case. The contracts between the parties also dictate that interest shall be paid on "all past due balances...at

---

[5]La. Civ. C. Art. 1983.

[6]Wellons' Supplemental memorandum in support of post-verdict, pre-judgment motion for judgment as a matter of law [R. 131], at pp. 5-6.

the rate of prime plus 2% at the U.S. Bank of Oregon at the date payment is due."[7] Thus, the court's judgment reflects the interest rate agreed upon by the parties as evidenced in the contracts between them.

### C.  Redhibition

La. Civ. C. Art. 2520 defines redhibition as a defect which renders the thing useless or so inconvenient in its use that it must be assumed the buyer would not have purchased the item possessing the defect had he known of it prior to the sale.

Louisiana courts have long held that claims in redhibition, which entitle the buyer to a rescission of the sale and return of the purchase price, as well as consequential damages and attorney fees, apply only to contracts of sale.[8] Thus, an essential element in determining the applicability of redhibition to a contract is the classification of the contract at issue.

In this case, defendant Wellons asserts that it is entitled to judgment as a matter of law dismissing all claims by Martco in redhibition because the contracts between them constitute contracts to build involving obligations to do. In support of this argument, Wellons directs the court's attention to several cases in which Louisiana and federal courts have ruled that contracts at issue were contracts to build, rather than contracts of sale.

Conversely, Martco asserts that the contracts between the parties in this case are contracts of sale involving, fundamentally, obligations to give. Martco relies on several Louisiana and federal cases which found contracts at issue to be contracts of sale. Further, Martco urges the

---

[7] See "Contract No. 8," admitted into evidence as "Plaintiff's 471," at p. 21.

[8] La. Civ. C. Art. 2545; Touro Infirmary v. Sizeler Architects, 900 So.2d 200 (La. App. 4 Cir. 2005).

11

court to look to the language of the contracts themselves, which it contends, evidences the intent of the parties that these contracts represent obligations to give, rather than to do.

Having considered the jurisprudence submitted by the parties as well as the evidence and testimony at trial, the court finds that the contracts at issue are most accurately characterized as contracts to build, or construction contracts and, accordingly, that the jury's verdict awarding Martco damages in redhibition was contrary to the law and evidence in this case.

We base our ruling on several important factors. First, evaluating the obligations contemplated in these contracts, we find that the predominant obligation incurred by Wellons was the obligation to do. Although it is clear to us that these contracts did involve an ancillary obligation to give certain equipment, we must characterize the contracts according to their true and governing object.[9] Moreover, we find that the equipment supplied by Wellons was, in many cases, designed and fabricated by Wellons itself.[10] Therefore, even Wellons' obligation to give was comprised, to a large degree, by a governing obligation to do.

This court, speaking through Judge Stagg, made a similar finding in KSLA-TV, Inc. v. Radio Corporation of America[11]. In that case, the court found that a contract involving the design, fabrication and construction of a television antenna tower was a construction contract. The court, rejecting plaintiff's value-based argument, held that, although the price paid for labor was small in comparison to the total purchase price, defendant designed and fabricated the materials used to build the antenna tower. Accordingly, the court held that the contract at issue

---

[9] 7 La. Civil Law Treatise: Obligations § 157 (1975), Litvinoff.

[10] Trial transcript at p. 209, lines 13-17 (testimony by Jonathan Martin of 5/21/07).

[11] 501 F.Supp. 891 (W.D. La. 1980).

was a construction contract.[12] As above, we find that Wellons' responsibilities included not only the supply of a design and equipment, but also the design and fabrication of that equipment, such that the overarching character of the contracts between them are of construction, rather than of sale.

We also consider the three-part test used by many courts in evaluating similar contracts. This test was employed by Louisiana's Third Circuit Court of Appeal in Duhon v. Three Friends Homebuilders Corp.[13], in which the court found that redhibition was unavailable to plaintiffs because the contract at issue was a contract to build. Drawing from earlier Louisiana decisions, the court determined that construction contracts possess three important characteristics: (1) the "buyer" has some control over the specifications of the object; (2) contract negotiations take place before the construction of the object; and (3) the contract obligates the vendor to supply not only the materials, but also skill and labor in order to build the object.[14]

Considering these three criteria, we are reinforced in our belief that the contract at issue in this case is one to build, rather than of sale. First, Martco had extensive control over the specifications of the upgrades it sought from Wellons. Second, the parties conducted negotiations in advance of construction by exchange of proposals and meetings.[15] Third, the testimony of plaintiff's chairman and Chief Executive Officer, Jonathan Martin evidences the

---

[12] Id., at 895-96.

[13] 396 So.2d 559 (La. App. 3 Cir. 1981).

[14] Id., at 561.

[15] Trial transcript at p. 145, lines 11-14 (testimony of Jonathan Martin of 5/21/07) describing the exchange of proposals concerning Martco's desired specifications.

fact that Martco expected Wellons to supply its own expertise in the design, engineering and installation of the upgrades to its thermal oil heating system. Martco negotiated what it believed to be a "turnkey" operation.[16] We find, as did the court in Duhon, that the evaluation of the three factors discussed above clearly demonstrates that the contracts at issue are construction contracts.

Our review of Louisiana and federal jurisprudence convinces us that the contracts before us should be considered together as parts of a single transaction involving an obligation to do, rather than to give. As the court noted in KSLA, even though materials and installation may be separated in the negotiation process, it is illogical to suppose that the object of the contract could be simply purchased and not installed.[17] We find this conclusion especially applicable in this case given the fact that the object of the contracts was actually an upgrade to an existing Wellons product, rather than a ready-made product functioning on its own.

Conclusion

Having reviewed the law and argument submitted by the parties, the evidence presented at trial and the jury verdict, the court finds that the contracts at issue between the parties concern a single transaction involving an obligation to do, rather than to give. Although this transaction did necessarily involve the supply of certain materials, which could be construed as an obligation to give, the court finds that even this obligation to give contained an attendant obligation to do because many of the materials supplied were designed and fabricated by Wellons prior to installation. Thus, we find that these contracts are contracts to build or construction contracts, as to which redhibition may not apply. Accordingly, we must vacate that portion of the jury's

---

[16] Id., at p. 146, line 18 - p. 147, line 2.

[17] KSLA, 501 F. Supp. at 894 - 95.

award which was derived from this claim, as this finding is contrary to the law and evidence in this case.

The court also finds that the contracts remain in force between these parties by virtue of the jury's verdict. Therefore, the court finds that the provisions concerning maximum liability and interest on unpaid balances must be applied to any recovery by these parties.

In accordance with the court's findings regarding the amounts due between the parties, judgment will be rendered in favor of Wellons and against Martco in the full sum and amount of $649,059.91 together with interest thereon at the rate of prime plus two percent (2%) at the U.S. Bank of Oregon computed as of the due dates of all unpaid invoices less the sum of $382,228.25 plus legal interest thereon from the date of judicial demand until the date of satisfaction of the judgment.

Alexandria, Louisiana
November 19, 2007.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE