U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

DEC 0 1 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| MARTCO LIMITED PARTNERSHIP | CIVIL ACTION NO. 04-673 |
|---|---|
| versus | JUDGE TRIMBLE |
| WELLONS, INC. D/B/A WELLONS USA | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court are cross-motions for summary judgment[1] on the issue of whether or not Admiral Insurance Company ("Admiral") owes a duty to defend its insured, Wellons Inc., d/b/a Wellons U.S.A. ("Wellons") against claims by Martco Limited Partnership ("Martco") in this case. Wellons seeks not only a declaration of duty to defend, but also an order requiring Admiral to reimburse it for certain defense costs associated with both the foregoing litigation and all pending appellate litigation. For the reasons expressed herein below, this court finds that Admiral's motion should be GRANTED and Wellons' motion should be DENIED in all respects.

I. BACKGROUND

A. Relevant Facts

The facts underlying the dispute between Wellons and its insurer, Admiral, have been recited many times by this court and will not be repeated here, except as such facts may be

---

[1] R. 173, R. 203. Admiral's motion, R. 173, also sought summary judgment as to insurance coverage and the court has addressed that portion of the motion, along with Wellons and Martco's joint cross-motion on coverage, R. 202, in a separate ruling also issued this day.

1

relevant to the narrow issue now before us: Admiral's duty to defend in this case.

Martco filed suit against Wellons on March 17, 2003. Martco's complaint[2] alleged that it entered into contracts with Wellons for the construction of a new thermal oil heating system at its oriented strand board ("OSB") plant at Lemoyen, Louisiana. The complaint states six (6) claims against Wellons: invalidity and rescission of contracts due to error or alternatively, due to fraud; invalidity of the contractual limitation of liability; redhibition; breach of obligation; and detrimental reliance.

Wellons sought both defense and indemnity from Admiral. In its letter of July 7, 2004, Admiral refused defense and indemnity on the basis that the claims stated in Martco's complaint did not allege "property damage" caused by an "occurrence" within the applicable policy period.[3] Alternatively, Admiral cited numerous policy exclusions as barring coverage for any claims that may have been stated.[4]

The liability and damages claims between Martco and Wellons and the insurance portions of this case as between Wellons and Admiral were bifurcated by order on April 26, 2007.[5] The merits of Martco's claims against Wellons were tried before a jury and a final judgment has been issued in this case.[6] That judgment is currently on appeal before the U.S. Court of Appeal for

---

[2] R. 1.

[3] "Exhibit A" to motion, at p. 4 of 7.

[4] Id., at pp. 4-7.

[5] R. 87.

[6] R. 168.

the Fifth Circuit.[7] Admiral filed a motion for summary judgment wherein it asserted that the CGL policy issued to Wellons did not provide coverage for Martco's claims in this suit.[8] Wellons, joined by Martco, filed a cross-motion arguing that the policy did provide coverage for Martco's claims.[9] As expressed in the court's memorandum ruling and judgment also issued this day, we found that the policy issued by Admiral in favor of Wellons does provide coverage for Martco's claims for lost productivity, earnings and profits, but does not provide coverage for Martco's other various claims, either because Martco failed to substantiate such claims at trial or thereafter, or those claims alleged "property damage" which was excluded from coverage by various policy exclusions.

Along with its cross-motion on the issue of coverage, Wellons filed the instant motion asserting that, under Louisiana law, Admiral had a duty to provide a defense in this case because Martco's complaint states at least one claim within the scope of the coverage afforded under the CGL policy.

### B. Applicable Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue of material fact

---

[7] R. 175, 182.

[8] R. 177.

[9] R. 201.

3

and the moving party is entitled to judgment as a matter of law.[10]

A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict in favor of the non-moving party.[11] In making this determination, a court must draw all justifiable inferences in favor of the non-moving party.[12]

Once the moving party has shown that "there is an absence of evidence to support the non-moving party's case," the non-moving party must come forward with specific facts showing a genuine issue of fact for trial.[13] Conclusory denials, improbable references, and legalistic argumentation" are not adequate substitute for specific facts showing that there is a genuine issue for trial.[14] The movant "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the non-movant's case."[15] If the moving party fails to meet this initial burden, the motion must be denied, regardless of the non-moving party's response.[16] The fact that a party has filed a cross motion for summary judgment does not prevent that party from asserting the existence of genuine issues of material fact necessitating trial in response to the

---

[10]Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 - 50 (1986); Am. Home Assurance Co. v. United Space Alliance, 378 F.3d 482 (5th Cir. 2004).

[11]Anderson, supra, at 248.

[12]Id., at 255.

[13]Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

[14]SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

[15]Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) quoting Celotex, 477 U.S. at 323.

[16]Id.

4

opposing motion.[17]

## II. ANALYSIS

Wellons' motion asserts that Admiral owes a defense to Martco's claims in this case because Martco's complaint alleges "property damage" caused by an "occurrence" within the policy period such that coverage attaches under the initial insuring agreement. In support of this position, Wellons cites Paragraph 12 of Martco's complaint, which states:

> "Wellons' efforts have produced negative results so far and the operation of the Wellons unit has caused physical degrading of the infrastructure through excessive ash carryover."

Admiral denies that Paragraph 12 of Martco's complaint alleges damages which are covered by the CGL policy at issue. Specifically, Admiral avers, as it did in its motion for summary judgment on the issue of coverage, that Martco's complaint fails to allege "property damage" caused by an "occurrence" during the policy period, such that coverage attaches under the initial insuring agreement. Moreover, Admiral argues that any such coverage, were it triggered, would be excluded by exclusion "m." Thus, Admiral argues that coverage is plainly excluded by the policy and no defense is owed.

Under Louisiana law, an insurer's duty to defend its insured is broader than the duty to provide coverage under the insurance policy.[18] In order to determine whether or not the

---

[17] Bricklayers, Masons and Plasterers Intern. Union of America, Local Union No. 15, Orlando, Florida v. Stuart Plastering Co., Inc., 512 F.2d 1017 (5th Cir. 1975).

[18] Elliot v. Continental Cas. Co., 949 So.2d 1247 (La. 2007).

5

allegations of a complaint give rise to an insurer's duty to defend its insured, the court must adhere to the "eight corners rule," examining only the four corners of the complaint and policy, respectively.[19] The court must construe the allegations of the complaint liberally when determining whether or not such allegations establish claims which, when taken as true, fall within the scope of the coverage provided by the policy at issue.[20] If the complaint states even one claim within the scope of coverage, the insurer has a duty to defend not only that particular claim, but the entire suit, even if the complaint's allegations are later proven untrue or are otherwise unsuccessful.[21]

Admiral asserts that the phrase "physical degrading of the infrastructure" in Paragraph 12 should be construed as an allegation of damage only to the actual Wellons thermal oil heating unit. Admiral asserts that, when interpreted as an allegation of damage to the Wellons unit itself, Paragraph 12 states a claim which, even if true, is unambiguously excluded from coverage because it only claims damage to Wellons' own work product. Admiral also argues that, if the court were to construe paragraph 12 as an allegation of damage to property other than the Wellons, such claim would also fall outside the scope of coverage because of exclusion "m," which excludes damage to

> "'[p]roperty damage to 'impaired property' or property that has not been physically injured, arising out of:

---

[19] American Home Assurance Co. v. Czarniecki, 230 So.2d 253 (La. 1969); Vaughn v. Franklin, 785 So.2d 79 (La. App. 1 Cir. 2001).

[20] American Home, 230 So.2d at 269, citing Benoit v. Fuselier, 195 So.2d 679 (La. App. 3 Cir. 1967).

[21] Vaughn, 785 So.2d at 84, citing Dugas Pest Control v. Mutual Fire, Marine & Inland Ins. Co., 504 So.2d 1051, 1054 (La. App. 1 Cir. 1987).

> (1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."[22]

Exclusion "m" also contains an exception which is stated as follows:

> "This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use."

Comparing the limitation on coverage cited by Admiral above with the allegations of Paragraph 12 and, indeed, the complaint at large, we must agree with Admiral that Paragraph 12 does not give rise to Admiral's duty to defend in this case. While we agree with Martco that we must interpret the phrase "physical degrading of the infrastructure" as an allegation of damage to the infrastructure of its OSB plant as a whole, rather than to just the Wellons unit, we find that even such a reading does not bring Martco's stated claim within the ambit of coverage because its complaint fails to allege "sudden and accidental physical injury" to other property which would trigger coverage under the exception to exclusion "m."

We reach the same result with respect to the allegations of Paragraph 14 which states

> "[s]ubsequent to completion of the design changes and repairs, and after startup on November 23, 2003, the control system became even worse and Martco again had significantly limited OSB production."

Construed liberally, we find that this paragraph states a claim for loss of use of other property not physically damaged. However, as above, Martco's complaint contains no allegation of "sudden and accidental physical injury" which would invoke the coverage provided under

---

[22] Admiral policy at CG00011001, attached as "Exhibit A" to motion [R. 173].

7

exclusion "m's" exception.

Martco asserts that item III in the prayer of its complaint also states a claim which, construed liberally and taken as true, falls within the coverage of the policy at issue and therefore triggers Admiral's duty to defend. Item III seeks judgment from the court "[a]warding damages in an amount sufficient to cover any and all repair costs incurred by Plaintiff." We must agree with Admiral that, even construing this portion of Martco's prayer liberally, it cannot suffice to compel a defense from Admiral. As stated above, Martco's complaint is completely devoid of allegations of damage to property other than the Wellons itself which were caused by "sudden and accidental physical injury" to the Wellons and would, therefore, be covered within the exception to exclusion "m." Therefore, we cannot interpret a blanket prayer for "any and all repair costs" to pertain to repairs for which coverage is provided, since, again, no such allegations exist within the remainder of the complaint.

Considering our findings above, this court concludes that the substance of Martco's complaint is insufficient to invoke Admiral's duty to defend its insured, Wellons, in this case. Consequently, we do not find that Admiral owed Wellons a defense in that portion of the litigation which has gone before and also do not find that it owes such a defense going forward. Instead, we find that Admiral has successfully demonstrated the absence of any genuine issue of material fact as to its duty to defend. Accordingly, Admiral's motion for summary judgment shall be GRANTED and Wellons' motion for summary judgment shall be DENIED in all respects.

Alexandria, Louisiana

December
~~November~~ 1, 2008

                                          JAMES T. TRIMBLE, JR.
                                    UNITED STATES DISTRICT JUDGE